IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRYAN HARTWIG,

                          Plaintiff,                          OPINION AND ORDER

        v.
                                                              23-cv-8-wmc

EXPERIAN INFORMATION SOLUTIONS INC.;
EQUIFAX INFORMATION SERVICES LLC;
and BYRIDER FINANCE LLC,

                          Defendants.

        Plaintiff Bryan Hartwig contends that defendants are inaccurately reporting his account with Byrider Finance, LLC, dba Car Now Acceptance Company ("CNAC"), as open with a balance due despite his disputing the account in violation of the Fair Credit Reporting Act ("FCRA"). (Amended Compl. (dkt. #17.)). Before the court is plaintiff's motion to strike certain affirmative defenses asserted in defendant CNAC's answer. (Pl's. Mot. Strike (dkt. #26.)). Such motions are generally disfavored as they consume scarce judicial resources and are often used for dilatory purposes. *E.g.*, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Eagle Cove Camp & Conf. Ctr. v. Town of Woodboro*, No. 10-cv-118-wmc, 2011 U.S. Dist. LEXIS 162624, at *18 (W.D. Wis. Mar. 24, 2011). Plaintiff's motion proves to be just such a "make-work exercise for all," *Ivanov v. Nyhus*, No. 14-cv-382-jdp, 2014 WL 5307936, at *3 (W.D. Wis. Oct. 16, 2014), and the court will deny it for the reasons explained below.

OPINION

Plaintiff moves to strike certain affirmative defenses of defendant under Federal Rule of Civil Procedure 12(f), which gives the court discretion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, plaintiff requests two kinds of relief. *First*, plaintiff asks the court to strike affirmative defenses 1 (failure to state a claim), 3 (no record of receiving an automated customer dispute verification form), 5 (failure to mitigate damages), and 11 (any legal violation was bona fide error). Plaintiff argues that each of these affirmative defenses fail to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9. Rule 8(a)(2) requires a short and plain statement of a claim showing entitlement to relief by giving fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleader need not provide detailed factual allegations, but must provide "just enough facts to raise [the claim] above the level of mere speculation." *See Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009). In contrast, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Reilly v. Badger Coaches, Inc.*, No. 18-cv-198-wmc, 2019 WL 1435913, at *3 (W.D. Wis. Apr. 1, 2019). Although "most district courts in this circuit, including this one, have applied the plausibility standard to affirmative defenses," *Or. Potato Co. v. Kerry Inc.*, No. 20-cv-92-jdp, 2020 WL 4586401, at *2 (W.D. Wis. Aug. 10, 2020), it typically does not "take a rich factual exposition to make an affirmative defense plausible" when coupled with the allegations in the complaint as

context, *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-jdp, 2015 WL 3407862, at *2 (W.D. Wis. May 27, 2015).

Accordingly, the court will not strike affirmative defenses 1, 3, 5, and 11. Defendant's first affirmative defense is present in nearly every answer: that plaintiff's complaint fails to state a claim upon which relief may be granted. *Reilly*, 2019 WL 1435913, at *4. Although this affirmative defense serves little purpose given that CNAC failed to move for dismissal under Rule 12(b)(6), plaintiff is not prejudiced by its inclusion, so the court will not strike it. *See Ill. Tool Works Inc v. ESAB Grp., Inc.*, No. 16-C-201, 2016 WL 8224331, at *1 (E.D. Wis. Sept. 13, 2016) ("To warrant court intervention, the offending defense must give rise to some kind of prejudice, such as actual confusion, or it must at a minimum be shown how striking the matter would streamline the case."). Moreover, "defendant[ ] can be forgiven for this prophylactic pleading, if for no other reason than the law might change." *Reilly*, 2019 WL 1435913, at *4.

Likewise, as for affirmative defenses 3, 5, and 11, plaintiff has not asserted any lack of "notice of what the detailed nature of the defense will be," nor related prejudice. *Ill. Tool Works*, 2016 WL 8224331, at *1. Further, these three defenses involve factual disputes and questions about damages that cannot be resolved by a motion to strike at this very early, pleading stage. Indeed, such a motion "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Moreover, even if plaintiff has alleged facts that would appear to defeat these affirmative defenses, defendant is not required to accept plaintiff's allegations, much less

prove their defenses, at the pleading stage. *Reilly*, 2019 WL 1435913, at *5. Rather, plaintiff is "in the driver's seat . . . marshaling [his] facts and legal theories for months," *Ill. Tool Works*, 2016 WL 8224331, at *1, as well as the evidence he will present and actual or punitive damages he will pursue. Accordingly, the court will not strike these affirmative defenses either. *See Strohbehn v. Access Grp. Inc.*, 292 F. Supp. 3d 819, 832 (E.D. Wis. 2017) (declining to strike the affirmative defenses of failure to mitigate damages and bona fide error in a FCRA case).

 *Second*, plaintiff asks the court to strike or require CNAC to provide additional factual allegations in support of affirmative defenses 4 (plaintiff's damages resulted from the acts or omissions of third persons outside of CNAC's control), 6 (equitable doctrines bar relief), 8 (CNAC was not the proximate cause of any damages), and 9 (claims are barred on public policy grounds). However, plaintiff concedes that this "information can be obtained through discovery." (Dkt. #27 at 4.). Rather than prematurely strike these defenses, therefore, plaintiff should force defendant to develop or withdraw them through interrogatories, by discovery conference, a motion to compel, or, as a last resort, as part of a dispositive motion. *See Reilly*, 2019 WL 1435913, at *3 (listing various ways a plaintiff can obtain information about affirmative defenses in discovery).

 Accordingly, the court will not strike any of the complained-of affirmative defenses, nor require additional factual allegations in their support, all of which will only result in a further, unnecessary diversion of judicial resources from other, more pressing matters. Going forward in discovery, the parties are encouraged to work cooperatively and confer in good faith before needlessly seeking court intervention.

ORDER

IT IS ORDERED that plaintiff's motion to strike affirmative defenses (dkt. #26) is

DENIED.

Entered this 8th day of May, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge