IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRYAN HARTWIG,

                          Plaintiff,                        OPINION AND ORDER

    v.

                                                         23-cv-8-wmc

BYRIDER FINANCE, LLC,
d/b/a Car Now Acceptance Company,

                          Defendant.

---

      Plaintiff Bryan Hartwig claims that defendant Byrider Finance, LLC, which does business as Car Now Acceptance Company ("CNAC"), violated his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by failing to correct misleading and inaccurate account information provided to credit reporting agencies about his car loan despite following its discharge in bankruptcy. After reviewing the parties' cross-motions for summary judgment, the court dismissed the lawsuit without prejudice for lack of subject matter jurisdiction and dismissed the motions for summary judgment as moot. (Dkt. #68.) Before the court is plaintiff's motion for relief from final judgment under Federal Rule of Civil Procedure 60 and defendant's motion to strike plaintiff's supplemental authority. (Dkts. #70 and 79.) Analyzing plaintiff's motion under Rule 59, however, plaintiff has failed to identify a manifest error of fact or law. Accordingly, plaintiff's motion for relief from judgment is DENIED.

OPINION

## I. Proper Treatment of Plaintiff's Post-Judgment Motion

      In *Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986), the Seventh Circuit directed that

"all substantive motions served within [28][1] days of the entry of a judgment will be treated as based on Rule 59." *Id*. at 347. A substantive motion is one that "if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987).

Here, plaintiff's motion to be relieved from judgment under Federal Rule of Civil Procedure 60 seeks a substantive alteration in the court's judgment and was filed within the 28 day timeline for filing motions under Rule 59. Accordingly, the court considers plaintiff's motion under the Rule 59(e) standard, requiring him to "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986).

## II. Analysis under Rule 59(e)

Plaintiff's case was originally dismissed for lack of standing -- specifically, his failure to show that he suffered an injury-in-fact. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (listing elements of standing including "injury in fact"). As explained at that time, "Article III standing requires a concrete injury even in the context of a statutory violation," so "a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to

---

[1] In 2009, the deadline to file motions under Federal Rule of Civil Procedure 59 was changed from 10 to 28 days. Logically, the Seventh Circuit's Rule 59 guidance in *Charles* now extends from 10 to 28 days.

2

vindicate that right." *Id.* at 341; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("No concrete harm, no standing.").

At the summary judgment stage, a plaintiff can establish standing through an affidavit with specific facts demonstrating "a concrete and particularized injury." *See Foster v. PNC Bank, Nat'l Ass'n*, 52 F.4th 315, 322 (7th Cir. 2022) (citations omitted). In his Rule 59(e) motion, plaintiff explains that he "inadvertently forgot" to provide and direct the attention of the court to evidence that third parties were exposed to inaccurate credit reports due to defendant's conduct, and attempts to now submit additional evidence. (Dkt. #71, at 3-4.) This motion fails on a number of levels. First, simply "forgetting" to submit existing evidence is not new evidence at all, nor does it in any way constitute "an error of law or fact" by the court. On its face, therefore, plaintiff has not met the Rule 59(e) standard.

Second, for purposes of assessing his standing to sue earlier in this case, the court actually found that "plaintiff *has* shown that [defendant] provided incomplete or inaccurate information to credit reporting agencies." (Dkt. #68 (emphasis added).) What was missing *and* is still missing is proof that this information caused any reputational or other concrete harm. As the court explained, this finding is still insufficient for Article III standing.

Said another way, in consumer protection cases brought under a federal statute, concrete harm may include reputational harm. *TransUnion*, 594 U.S. 413. Indeed, the Seventh Circuit held in *Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146 (7th Cir. 2022), that a debtor suffered reputational harm sufficient for Article III standing after a debt

3

collector disseminated false information to a third party that "[understood] the defamatory nature of the communication." *Id*. at 1154. However, plaintiffs must provide evidence that the third party "understood the defamatory significance of the inaccurate reporting." *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 709-10 (7th Cir. 2024).

Here, plaintiff provided *no* evidence that a third party understood the defamatory significance of a changed credit report caused by defendant's communication. To the contrary, plaintiff's evidence on the impact still indicates a lack of understanding as to what defamatory conduct would be. Notably, he had not even checked his credit score to see if there had been any negative impact from defendant's report of an undischarged car loan debt. Instead, plaintiff testified that he merely *thought* defendant's error *might* hurt his attempts to improve his score, and he later testified that defendant's error would likely increase not decrease his credit score. (Hartwig Dep. (dkt. #63) 45.)

This distinguishes plaintiff's case from cases like *Ewing* or *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303 (7th Cir. 2025), where the records showed that a failure to report a debt accurately as disputed *did* negatively impact the plaintiff's credit scores, or plaintiff's supplemental authority, *Snowden v. Transunion, LLC*, No. 25-C-214, 2025 WL 2840249 (E.D. Wis. Oct. 7, 2025), where the plaintiff *alleged* that the defendant's error was weighed most heavily to calculate credit worthiness. At best, like *Freeman*, plaintiff's evidence only shows that credit reporting agencies included defendant's erroneous report of an undischarged debt in their own reports, indicating nothing about the impact on their assessment of plaintiff's credit score, much less any impact on another third party's assessment of plaintiff's creditworthiness. Therefore, like *Freemen*, plaintiff has again failed

4

to offer evidence of a concrete and particularized injury analogous to defamation or any other concrete harm.

Accordingly, plaintiff's motion for relief from judgment is DENIED and plaintiff's claim remains dismissed without prejudice.

ORDER

IT IS ORDERED that:

(1) plaintiff's motion for relief from judgment (dkt. #70) is DENIED; and

(2) defendant's motion to strike notice of supplemental authority (dkt. #79) is DENIED.

Entered this 23rd day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge